## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-cr-0144 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JAMES PHILLIPS | MAG. JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is  a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, [doc. # 154], a motion to appoint counsel, [doc. #156], and two motions for an evidentiary hearing, [docs. #157, #166], all filed by Defendant James Phillips. The United States opposes the motions. [doc. #164]. For the reasons stated below, it is recommended that Phillips' § 2255 motion be **DENIED**. Phillips' motions for evidentiary hearing are **DENIED** and his motion to appoint counsel is **DENIED as MOOT**.

### Background

On July 23, 2014, a federal grand jury returned a six-count Indictment charging Defendant with one count of conspiracy to transport stolen motor vehicles and other property in interstate commerce in violation of 18 U.S.C. § 371, four counts of unlawfully transporting and causing to be transported in interstate commerce a stolen motor vehicle in violation of 18 U.S.C. §§ 2312 & 2, and one count unlawfully transporting and causing to be transported in interstate commerce stolen goods, wares and merchandise with a value of $5,000 or more, knowing the same to have been stolen, in violation of 18 U.S.C. §§ 2314 & 2. [doc. #2].

On May 13, 2015, Defendant pleaded guilty to Count 4 of the Indictment and the Government, in turn, agreed to dismiss Counts 1-3, 5 and 6 of the Indictment. [doc. # 109].

Defendant's plea was conditional, as he reserved his right to appeal the Court's adverse ruling on his Motion to Suppress, and if such appeal was successful, the Defendant was to be allowed to withdraw his guilty plea. [doc. #112]. On September 9, 2015, the District Court sentenced Defendant to one hundred and ten (110) months of imprisonment and three (3) years of supervised release. [doc. # 137]. It also ordered him to pay a special assessment of $100.00 to the U.S. Clerk of Court and $443,500 in restitution. *Id.*

Phillips appealed his conviction, challenging (1) the District Court's denial of his motion to suppress statements he made to law enforcement following his arrest, and (2) the enhancement of his sentence for being an organizer/leader and in cooperation. [doc. #150, p. 1; doc. #154, p. 2]. On September 9, 2016, the Fifth Circuit affirmed Phillips' conviction and sentence. On February 22, 2017, the United States Supreme Court denied certiorari. [doc. #153].

Defendant filed the instant § 2255 motion on June 5, 2017, asserting ineffective assistance of counsel. [doc. #154]. Defendant also filed a motion to appoint counsel and two motions for an evidentiary hearing. [docs. #156, #157, #166]. The Government filed its response on July 7, 2017, [doc. #164], and Defendant filed his Reply on July 24, 2017. [doc. #165]. The matter is now before the Court.

## Law and Analysis

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *U.S. v. Frady*, 456 U.S. 152, 166 (1982). When a defendant has been convicted and the conviction has been upheld on direct appeal, there is a presumption that the conviction is fair and final. *U.S. v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). As a result, review under section 2255 is limited to four grounds: (1)

the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Collateral review is fundamentally different from, and may not replace, a direct appeal. *Frady*, 456 U.S. at 152. Thus, even if the issues are constitutional or jurisdictional, a defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *U.S. v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *U.S. v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under section 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

## I.  Defendant's Guilty Plea

Defendant entered a guilty plea in this matter, and he reserved his right to appeal the Court's ruling on his motion to suppress. The Fifth Circuit affirmed Phillips' conviction and sentence, and denied his challenge on appeal to the motion to suppress. "It is well settled that by entering a plea of guilty, a defendant ordinarily waives all non-jurisdictional defects in the

proceedings below." *U.S. v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This includes claims of

ineffective assistance of counsel, with the exception of claims alleging that counsel's

ineffectiveness rendered the guilty plea involuntary, unintelligent, or unknowing. *U.S. v. Cavitt*,

550 F.3d 430, 441 (5th Cir. 2008); *U.S. v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Therefore,

"even where counsel has rendered totally ineffective assistance to a defendant entering a guilty

plea, the conviction should be upheld if the plea was voluntary" because in such cases there has

been "no actual and substantial disadvantage to the defense." *DeVille v. Whitley*, 21 F.3d 654,

659 (5th Cir. 1994).

A federal court will uphold a guilty plea challenged in a habeas proceeding provided the

plea is shown to have been knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666

(5th Cir. 1995). A guilty plea is considered knowing, voluntary, and intelligent so long as a

defendant has been advised and indicates that he knows and is aware of "the maximum prison

term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n. 2 (5th Cir.1996) (citing

*U.S. v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990)). Thus, if the habeas petitioner "understood the

length of time he might possibly receive, he was fully aware of his plea's consequences." *Barbee

v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982). Put another way, a guilty plea is considered

"voluntary" if it is made by a defendant who is "'fully aware of the direct consequences,

including the actual value of any commitments made to him by the court, prosecutor, or his own

counsel'" and who has not been "induced by threats (or promises to discontinue improper

harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by

promises that are by their nature improper as having no proper relationship to the prosecutor's

business (*e.g.* bribes)." *Brady v. U.S.*, 397 U.S. 742, 755 (1970) (quoting *Shelton v. U.S.*, 246

4

F.2d 571, 572 n. 2 (5th Cir.1957)).

The Supreme Court has determined that "the representations of the defendant . . . [at a plea hearing] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). "Solemn declarations in open court carry a strong presumption of verity." *Id.* at 74. An unambiguous plea agreement is "accorded great evidentiary weight." *U.S. v. Abreo*, 30 F.3d 29, 32 (1994). Consequently, subsequent conclusory and unsupported allegations that contradict a defendant's representations at a plea hearing are subject to summary dismissal. *Id.*

Phillips argues that his guilty plea was not knowing and voluntary because trial counsel "did not substantially assist [him] [] or provide him with the proper understanding of the law in relation to the rights he would be waiving by entering into a conditional plea agreement." [doc. #154, p. 13]. He also argues that counsel acted under a conflict of interest because she secretly colluded with the FBI in order to coerce Phillips into pleading guilty. *Id.*

Other than Phillips' conclusory statements, there is simply no evidence that Phillips' Federal Public Defender, Betty Marak, "colluded" with the FBI in order to coerce him into pleading guilty. *See U.S. v. Frontero*, 452 F.2d 406, 413 (5th Cir. 1971) (refusing to "go behind a guilty plea" because of mere conclusory statements by a defendant). At the guilty plea hearing, the Court asked Phillips if he "had ample opportunity to discuss [his] case with [his] attorney?" to which Phillips responded "Yes, ma'am, I have." [doc. #143, p. 6]. Phillips then stated that he was satisfied with Ms. Marak's representation. *Id.*

Moreover, it is clear that Defendant entered a voluntary, knowing, and intelligent guilty plea, and that he understood the constitutional rights he was waiving by doing so. At the guilty

5

plea hearing, the Court informed Phillips that he had the right to a trial by jury, to call and cross-examine witnesses, to object to evidence offered by the government and offer evidence on his own behalf, the right to testify, and the right not to be compelled to incriminate himself. [doc. #143, pp. 6-7]. The Court asked Phillips: "Are you willing to waive and give up your right to trial and the other rights I've just discussed?" *Id.* at 8. Phillips responded, "Yes, ma'am, I am." *Id.* The Court then explained to Phillips that he was pleading guilty to transporting in interstate or foreign commerce a stolen motor vehicle knowing it to be stolen. *Id.* at 8. Phillips stated that he understood the charges against him. *Id.* at 8-9. Phillips then indicated that he understood the maximum term of imprisonment is ten years, with a term of supervised release for at least one year and not more than three years. *Id.* at 9. The Court then established that Phillips' plea was voluntary:

> THE COURT: Has anyone threatened you, or leaned on you, or forced you to plead guilty or told you that if you do not plead guilty, further charges will be brought against you or that some other adverse action would be taken against you?
>
> THE DEFENDANT: No, ma'am.

*Id.* at 11-12.

> THE COURT: Has anyone made any promise to you, other than those contained in the plea agreement, that in any way influenced you to plead guilty?
>
> THE DEFENDANT: No, ma'am.

*Id.* at 13. Phillips then admitted, under oath, that he transported a stolen motor vehicle in interstate commerce. *Id.* at 15. He also agreed with everything contained in his Rule 11 factual basis in support of his guilty plea. *Id.* at 15-16.

Additionally, by signing the unambiguous plea agreement, Defendant confirmed the

following:

> I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

> I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

> I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

[doc. # 112].  Defendant also signed an Affidavit of Understanding confirming the following:

> I, JAMES PHILLIPS a.k.a. KALEEM MUSTAFAA, the above named defendant, having been furnished a copy of the charges and having discussed same with my attorney, state that, I understand the nature of the charges against me and the maximum possible penalty that may be imposed against me as set forth in the attached, signed Plea Agreement.

* * *

> I realize that by pleading guilty, I stand convicted of the crime charged and waive my privilege against self-incrimination, my right to jury trial, my right to confront and cross-examine witnesses and my right of compulsory process.

> I further state that my plea in this matter is free and voluntary and that it has been made without any threats or inducements whatsoever (except the plea agreement) from anyone associated with the State or United States Government or my attorney and that the only reason I am pleading guilty is that I am in fact guilty as charged.

[doc. # 112-1]. The undersigned then accepted Defendant's guilty plea in open court.

Based on Phillips' own statements made under oath, combined with the total lack of

evidence that Ms. Marak coerced him into pleading guilty, the Court finds that Defendant's

7

guilty plea was knowingly, voluntary, and intelligent.[1] *See Frontero*, 452 F.3d at 415 (a guilty

plea is intelligently and voluntarily entered as long as the record "reveals affirmative awareness

of the 'consequences' of a guilty plea"; this does *not* require the defendant to "be informed of

each and every right which is waived[.]") (emphasis added). Accordingly, in effect, Phillips

waived all nonjurisdictional defects in the prior proceedings, including claims of ineffective

assistance unrelated to his guilty plea.

## II.    Defendant's Claim: Ineffective Assistance of Counsel

Phillips argues that counsel was ineffective for (1) refusing to file a motion to dismiss the

charges due to violations of Phillips' Fourth, Fifth, and Fourteenth Amendment rights when FBI

agents and state investigators transported Phillips across state lines without a court order; (2)

refusing to challenge Phillips' detainment in Madison Parish; and (3) refusing to file a motion for

speedy trial violation.

By knowingly and voluntarily pleading guilty, Phillips waived these claims because they

constitute nonjurisdictional defects in the prior proceedings. *See Cavitt*, 550 F.3d at 441.

However, even assuming Phillips did not waive these claims, they fail on the merits. To prevail

on a claim of ineffective assistance of counsel, a defendant must show that his counsel's actions

fell below an objective standard of reasonableness and that the ineffectiveness of counsel

---

[1] Phillips appears to argue that because his plea was conditional, rather than unconditional, a different standard is applied to determine if his plea was voluntary, intelligent, and knowing. [doc. #165, p. 4]. This is incorrect. *See U.S. v. Vergott*, 62 F.App'x. 320, 326 (5th Cir. 2016) (in a conditional plea case, the Fifth Circuit held that "[t]o enter a knowing and voluntary guilty plea, a defendant must have full knowledge of what the plea connoted and of its consequences.") (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).

A conditional guilty plea must comply with the requirements of Federal Rule of Criminal Procedure 11. Phillips does not argue that the Court failed to comply with Rule 11, and the record definitively shows that the Court *did* comply with the requirements of Rule 11.

prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

In applying the first prong of *Strickland*, courts presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *See Strickland*, 466 U.S. at 689-90. The defendant must show that the performance of counsel fell "outside the wide range of professionally competent assistance." *Id.* at 690; *Ward v. Whitley*, 21 F.3d 1355, 1361 (5th Cir. 1994). To establish prejudice in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 106 S.Ct. 366, 369 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. *Strickland*, 466 U.S. at 693.

### A. Failing to Move for Dismissal of Indictment and Failing to Challenge his Detainment

Phillips argues that counsel was ineffective for failing to move to dismiss the indictment for violations of the Fourth, Fifth, and Fourteenth Amendment. Phillips contends that his constitutional rights were violated when he was removed from state custody in Louisiana and transported to federal custody in Mississippi without a court order. He also argues that his detainment in Madison Parish was unlawful because he was being held on a warrant out of another parish, namely West Carroll Parish.

First, it is well settled that "[t]he remedy for any Fourth Amendment violation is . . .

exclusion of evidence rather than dismissal of the indictment altogether." *U.S. v. Rodriguez*, 948 F.2d 914, 916 (5th Cir. 1991). As such, trial counsel was not deficient for failing to move for dismissal on Fourth Amendment grounds. Furthermore, the Fourteenth Amendment does not apply in federal criminal prosecutions, *U.S. v. Palomo*, 80 F.3d 138, 141 n. 3 (5th Cir. 1996), so trial counsel's failure to move for dismissal on those grounds was also not deficient.

Second, "[g]overnment misconduct does not mandate dismissal of an indictment unless it is 'so outrageous' that it violates the principle of 'fundamental fairness' under the due process clause of the Fifth Amendment." *U.S. v. Manuskar*, 557 F.3d 219, 231-23 (5th Cir. 2009) (citing *U.S. v. Johnson*, 68 F.3d 899, 902 (5th Cir. 1995)). "Such a violation will only be found in the rarest circumstances." *U.S. v. Russell*, 411 U.S. 423, 431-32 (1973). In order for a defendant to avail himself of the outrageous conduct defense, "the defendant must show government overinvolvement combined with a passive role by the defendant." *U.S. v. Asibor*, 109 F.3d 1023, 1039 (5th Cir. 1997).

Phillips has not demonstrated the existence of outrageous government conduct that requires dismissal of his indictment because he was a willing and active participant in the underlying crime. *See U.S. v. Rodriguez*, 603 F.App'x 306, 313 (5th Cir. 2015) (denying defendants' motion to dismiss the indictment based on outrageous government conduct because defendants were willing and active participants in the armed robbery scheme); *U.S. v. Posada Carriles*, 541 F.3d 344, 361 (5th Cir. 2008) (finding no outrageous government conduct where the defendant was a willing participant in the criminal conduct); *Asibor*, 109 F.3d at 1039 ("Where the court finds that the defendant is an active, willing participant in the criminal conduct that leads to his arrest, we will not find outrageous government conduct."). Not only did Phillips

confess to investigators that he was a willing participant, but he admitted at his guilty plea hearing, under oath, that he was guilty as charged. Phillips' sentence was also enhanced because he was an organizer/leader of the criminal activity at issue. Therefore, Phillips' ineffectiveness claim based on counsel's alleged failure to move for dismissal of the indictment on due process grounds necessarily fails.

Lastly, even assuming that state law required a court order to transport Phillips to Mississippi and that it required Phillips to be moved to West Carroll Parish where the warrant was executed, a "violation of a state procedural rule does not lead to suppression of a voluntary, reliable confession in a federal criminal case," let alone dismissal of a federal indictment. *See U.S. v. Martin*, 431 F.3d 846, 848-49 (5th Cir. 2005). Counsel's failure to file a motion to dismiss on these grounds was not deficient. *See U.S. v. Freeman*, 818 F.3d 175, 178 (5th Cir 2016) ("The deficiency prong 'requires that [counsel] research relevant facts and law, or make an informed decision that certain avenues will not be fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention.'") (citing *U.S. v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009)).

### B. Speedy Trial Claims

Phillips argues that his counsel was ineffective for failing to file a motion for speedy trial violations. Phillips does not specify whether he claims that his right to a speedy trial was violated under the Sixth Amendment or the Speedy Trial Act. In any event, Phillips waived his right to a speedy trial by pleading guilty, *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Bell*, 966 F.2d at 915, and even if he had not waived it, Phillips' speedy trial rights were not violated under the Speedy Trial Act or the Sixth Amendment.

11

The Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* requires that a defendant be brought to trial within 70 days of the filing of the indictment, or the date the defendant appears before a judicial officer in the court in which the charge is pending, whichever is later. 18 U.S.C. § 3161(c)(1). "Section 3161(h) specifies in detail numerous categories of delay that are not counted in applying the Act's deadlines," *Zedner v. U.S.*, 547 U.S. 489, 500 (2006), which includes "delay resulting from an pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion". § 3161(h)(1)(D). Furthermore, subsection (h)(7)(A) permits "ends-of-justice" continuances. Among the factors that a district court must consider in deciding whether to grant an ends-of-justice continuance are "effective preparation" of counsel and adequate preparation of the defendant for pretrial proceedings and the trial itself in complex or unusual cases. § 3161 (h)(7)(B)(ii), (iv).

In Phillips' case, the 70-day Speedy Trial Act period began on August 5, 2014, when Phillips made his initial appearance. On August 19, 2014, the Court held that "[d]ue to the voluminous evidence, the incomplete discovery, and the complex nature of the case, the court finds that it is in the interest of justice to set trial well beyond the speedy trial delays, in order to give defendants time to prepare." [doc. #34]. Again on October 27, 2014, the Court held that "discovery is voluminous, and counsel for" Phillips' co-defendant "has only recently enrolled. Therefore, it is in the interest of justice to set trial well beyond the speedy trial delays. Trial is expected to last 3-5 days. All defense counsel will file speedy trial waivers by November 7, 2014." [doc. #49]. On March 25, 2015, the Court found that "a continuance is warranted by the need for additional briefing on the pending Motion to Suppress and for the additional preparation of counsel." [doc. #96]. Thereafter, trial was set for May 26, 2015, but Phillips pleaded guilty on

May 13, 2015.

Phillips' right to a speedy trial under the Speedy Trial Act was not violated because all three of the Court's continuances stopped the Speedy Trial Act clock. *U.S. v. Bieganowski*, 313 F.3d 264, 281-83 (5th Cir. 2002) (holding that ends-of-justice continuances may be justified on grounds of complexity); *U.S. v. Edelkind*, 525 U.S. 388, 397 (5th Cir. 2008) (ends-of-justice continuances justified in case that was complex and involved voluminous documents). As such, only fourteen non-excludable days (between Phillips' initial appearance on August 5th and the first continuance on August 19th) ran on the Speedy Trial Act clock before Phillips pleaded guilty. Thus, there was no Speedy Trial Act violation, and it would have been fruitless for trial counsel to object on this basis.

Concerning Phillips' Sixth Amendment right to a speedy trial, "[t]t will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth amendment has been violated." *Bieganowski*, 313 F.3d at 284. The constitutional right to a speedy trial "attaches at the time of arrest or indictment, whichever comes first." *U.S. v. Garcia*, 995 F.2d 556, 560 (5th Cir. 1993). Phillips was initially arrested and detained on state court charges, and then transported to federal custody after a federal grand jury indicted him. In a similar case, the Western District of Texas held that a defendant's arrest "by state authorities is unrelated to his right to a speedy trial provided in the Sixth Amendment" for a subsequent federal charge. *U.S. v. Morales*, 501 F.Supp.2d 848, 850 (W.D. Tex. 2007). Therefore, in this case, the Sixth Amendment right to a speedy trial attached with the issuance of Phillips' federal indictment. Phillips' indictment was filed on July 23, 2014, ten months before

13

the set trial date of May 26, 2015.[2] Phillips pleaded guilty on May 13, 2015. The Fifth Circuit has previously held that "a delay of ten and one-half months is not presumptively prejudicial." *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000).

Accordingly, any motion arguing for a speedy trial violation under the Sixth Amendment or the Speedy Trial Act would have been meritless. *See Green*, 160 F.3d at 1037 ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness."). Counsel's actions were not deficient, and Phillips' ineffective assistance of counsel claims should be DISMISSED. As Phillips' § 2255 motion is subject to dismissal, his motion for appointment of counsel, [doc. #156], is DENIED as MOOT.

Furthermore, because Phillips' motion conclusively shows that he is entitled to no relief, an evidentiary hearing is not warranted. *See* 28 U.S.C. § 2255(b); *U.S. v. Samaniego*, 532 F.App'x. 531, 535 (5th Cir. 2013); *U.S. v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). Defendant's motions for an evidentiary hearing. [docs. #157, #166], are DENIED.

Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that the motion to vacate, set aside, or correct sentence, [doc. # 154], filed by Defendant James Phillips a.k.a. Kaleen Mustaafa, be **DENIED**.

---

[2] Phillips' counsel also filed a motion to waive speedy trial, which was granted on November 13, 2014. [docs. #53, #54]. Counsel did so because the discovery tendered by the Government was extensive and complex, and counsel needed more time in order to be adequately prepared for trial.

**IT IS ORDERED** that the motion to appoint counsel, [doc. #156], is **DENIED as MOOT.**

**IT IS FURTHER ORDERED** that the motions for evidentiary hearing, [docs. #157, #166], are **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum**

15

**setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

 In Chambers, Monroe, Louisiana, this 25th day of July, 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE
